IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

BROOKE BARBER                                                                                    PLAINTIFF

v.                              No. 3:19-cv-367-DPM

TIME FOR PEACE, PLLC and
APRIL TIMMS                                                                                      DEFENDANTS

BROOKE BARBER                                                                                    PLAINTIFF

v.                              No. 3:21-cv-83-DPM

TIME FOR PEACE, PLLC and
APRIL TIMMS                                                                                      DEFENDANTS

## ORDER

The parties' wage-related dispute has gotten tangled up. We're all partly responsible.

Barber filed a factually thin complaint. Time for Peace and Timms made a mistake in their amended answer, an amendment opposed by Barber for no good reason. Time for Peace and Timms waited until the motion deadline, and then filed a motion for judgment on the pleadings rather than one for summary judgment. The Court's Order deciding that motion was murky about exactly what claim went forward. Plus, when it ruled, the Court mistakenly thought there was time for more discovery to clean up the facts and claims, but the discovery period had

already closed.  The parties thereafter reached an understanding about the Court's ruling and what claims were for trial.  Then the Court stirred things up at a status conference when it explained its thinking, which differed from the parties' understanding.  Counsel were surprised, though Time for Peace and Timms were pleased, too.  Barber responded by filing a new case, which asserted a clear and well-pleaded individual coverage FLSA claim, and by abandoning her enterprise-coverage FLSA claim in the first case and seeking consolidation.  But Barber's new case is a claim spilt, which the law frowns on.  WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 4404 (3d ed. & Supp. 2021).  It's also a creative end run around the Court's Final Scheduling Order.  Time for Peace and Timms, for their part, now seek a win on the merits based on the recent procedural steps taken by Barber, or on Barber's actions in her recent bankruptcy, a new defense.

We can all do better.  FED. R. CIV. P. 1 & Advisory Committee Notes to 2015 Amendment.  The fairest outcome, and the best way to cut through the procedural tangle, is to start over.  The cases will be consolidated.  The live complaint on which the case will proceed is *Doc. 1* in No. 3:21-cv-83-DPM.  After a brief period for clean-up discovery, Time for Peace and Timms can seek summary judgment on issues new and old, and we'll have a trial eventually if one is needed.  In particular, the bankruptcy/judicial estoppel issues should be raised

on summary judgment, rather than on a motion to dismiss, because those issues involve facts beyond the pleadings.

* * *

Motion to consolidate, *Doc. 5* in No. 3:21-cv-83-DPM, granted. Case No. 3:19-cv-367-DPM is the lead case. All future filings should use solely the style of that case. Co-counsel's motion to withdraw, *Doc. 6* in No. 3:21-cv-83-DPM, granted. Motion to clarify, *Doc. 43* in No. 3:19-cv-367-DPM, denied as moot. Motion for leave, *Doc. 51* in No. 3:19-cv-367-DPM, and motion to dismiss, *Doc. 9* in No. 3:21-cv-83-DPM, denied without prejudice. Answer to *Doc. 1* in No. 3:21-cv-83-DPM, the live complaint going forward, due by 10 September 2021. An Amended Final Scheduling Order will issue.

So Ordered.

*/s/ WPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

25 August 2021